IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRANDI NICOLE CABIC,**

     Plaintiff,

v.                                 **No. 12cv369 MCA/LFG**

**STATE OF NEW MEXICO**
**for the Attorney General Gary King to Investigate;**
**C.Y.F.D., in their administrative capacity;**
**REY GALLEGOS (PPW), in his personal and official capacity;**
**AARON MIERA (Caseworker), in his personal and official capacity;**
**DORIAN DODSON (Cabinet Secretary of C.Y.F.D),**
**in this person's personal and official capacity**,

     Defendants.


<u>**MEMORANDUM OPINION AND ORDER**</u>

     **THIS MATTER** comes before the Court on pro se Plaintiff Brandi Nicole Cabic's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed April 10, 2012 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo*

*v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).  Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed.

## I.      Allegations in the Complaint.

Proceeding under 42 U.S.C. § 1983[1] for violation of her First, Fifth, Eighth, and Fourteenth Amendment rights, *see* Doc. 1 at 1, 4, 6; Doc. 6 at 1 (Supplement to Complaint), Cabic seeks monetary damages, reversal of state-court rulings, and injunctive relief requesting the intervention of this Court into the state-court proceedings involving the termination of her parental rights and the custody/placement of her son, who is now almost four years old.

Cabic's 4-month-old son was placed into foster care on November 12, 2008, when Cabic was arrested and extradited to Illinois on a felony warrant.  *See* Doc. 1 at 2, Doc. 6, Att. 2.  In support of her Fourteenth-Amendment claim for violation of due process, Cabic alleges that Defendant Aaron Miera, an investigator for the CYFD, "never contacted [her parents] to take [her son]" thus Cabic was "never given th[e] lawful opportunity" to "give my son in the hands of my family members."  Doc. 1 at 7; *see also* Doc. 6 at 2 (contending that she was denied equal protection and

---

[1] Cabic also cites a plethora of statutes that are inapplicable to the facts as alleged in this case.  For example, she also cites to 42 U.S.C. § 14141 as a basis for jurisdiction, *see* Doc. 6 at 1, but that statute creates a cause of action designed to eliminate an unlawful pattern or practice of discrimination by local governments and their employees involving *juvenile justice* that may be brought *only* by the Attorney General.  She requests an investigation under 42 U.S.C. § 1975a, *see* Doc. 6 at 1, but that statute refers only to investigations by the Civil Rights Commission, which is charged with investigating allegations of deprivation of *voting rights* on the basis of "color, race, religion, sex, age, disability, or national origin." 42 U.S.C. § 1975a(a)(1).  The Court will not expend the time to explain why each of the remaining statutes she briefly cites are irrelevant other than to hold that Cabic has failed to state a viable or cognizable federal claim under any statute cited.

due process because she "was not given any diligence or full faith to be reunited with [her] son."). In support of her Eighth-Amendment claim for cruel and unusual punishment, Cabic complains that the State of New Mexico denied her "proper care to be rehabilitated" and gave her only "partial care" for the "quivering and shaking" and crying she experienced during her extradition to Illinois in November 2008 and that, as a result, she now suffers from post-traumatic stress disorder. Doc. 1 at 7.

In December 2008 or January 2009, while represented by state-appointed counsel, Cabic pleaded no contest to child-abuse charges while still incarcerated in Illinois. *See id.* In support of her Fifth-Amendment claim, Cabic contends that her "confession" was involuntary because she was in shock when she agreed to the plea bargain. *See id.* at 8. She also contends that she had suffered a head injury from her husband's abuse, and was not "able to communicate properly." Doc. 6 at 3.

Cabic started a treatment plan to attempt to regain custody of her son in 2009. *See* Doc. 1 at 8. In further support of her due-process claim, she contends that the plan was inadequate because she was not given domestic-violence counseling nor "trained to help myself and my son." *Id.* She contends that Defendant Dorian Dodson, the former Secretary of C.Y.F.D., is liable because she "was in charge of [Cabic's] civil liberty at the time" and "should have kept a better eye on what was going on in [her] case." Doc. 6 at 3. Cabic contends that Defendant Rey Gallegos, who was employed as a "permanency planning worker" for C.Y.F.D., "never lifted a finger to help" her, *id.* and that he lied by telling the court that she "was not taking [her] medicine," Doc. 1 at 3, 9. She complains that Gallegos also lied to her in mid-2009, when he told her that her son's foster family wanted to take her son to Kentucky for a vacation and that Gallegos would need to reschedule their home visit, but that the foster family did not actually go to Kentucky and Gallegos did not

3

reschedule the home visit but instead "went for termination of parental rights." *Id.* at 9.  Cabic complains that C.Y.F.D. confused her because some employees told her to stay away from her abusive husband, Lucas Rice, but Gallegos told her "it was [her] decision." *Id.*  Cabic's and Rice's parental rights were ultimately terminated in September 2010, and she requests that the decision "be reversed." *Id.*; *see* Doc. 6, Att. 1 (Judgment of the Second Judicial District Children's Court in case number J&-2008-148 noting that Cabic was represented by counsel; finding "by clear and convincing evidence" that the C.Y.F.D. followed all the relevant statutory requirements and that Cabic's and Rice's parental rights should be terminated; and ruling that the custody of their son should remain with C.Y.F.D, which also had the sole authority to decide his physical placement).

Cabic contends that the Court should investigate her claims of domestic violence committed by her husband[2].  Doc. 6 at 4.  She attaches the arrest report showing that the Albuquerque Police Department arrested Rice for child abuse and battery charges on November 12, 2008, the same day they arrested Cabic on the outstanding felony warrant.  *See id.* Att. 2.  The Court takes judicial notice that Cabic's husband was charged in 2009 with battery and aggravated assault against a family member, but that he was determined to be incompetent to stand trial on February 9, 2010 and the case was dismissed without prejudice.  *See State v. Rice*, No. D-202-CR-200900614, Second Judicial District Court.

Cabic complains that her son was placed in foster care with a lesbian couple, which allegedly violates her religious and cultural beliefs and her First-Amendment rights.  *See* Doc. 1 at 9.  She

---

[2]  Cabic refers to Lucas Rice as her "ex-husband" and avers that she "received a divorce" from Rice, Doc. 1 at 8, but the Court takes judicial notice that Cabic did not even file for divorce until March 8, 2012, and no divorce has yet been granted.  *See Cabic v. Rice*, D-202-DM-201201066, Second Judicial District Court.

contends that such placement also violates her right to equal protection because the lesbian couple were treated more favorably than she was, as a married, disabled[3] woman. *Id.* at 9.

The foster parents moved with Cabic's son to Kentucky over a year ago, and Cabic contends that the CYFD therefore lied to her by telling her she would be a part of her son's life, "no matter what." *Id.* at 10. She requests that the Court issue an order requiring her son to "be transported from the State of Kentucky back here to the State of New Mexico to be with me," and for "full custody" of her son. *Id.* at 10, 11. Cabic also requests an award of $2,000,000 for "the miscarriage of justice that has been done to me." *Id.* at 10.

## II.   Analysis.

The Eleventh Amendment bars suit for damages in federal court against a State, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, Cabic has not stated a valid claim for damages against the State, C.Y.F.D., or any of its employees acting in their official capacities. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 438 (10th Cir. 1992).

The limitations period for a § 1983 action is the same as the forum state's personal-injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985), and the limitation on personal-injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Any claims for damages that Cabic may potentially have had for violation of her Eighth-Amendment, Fourteenth-Amendment, or any other rights against any state employee in his/her personal capacity arising from her 2008 extradition and the placement of her

---

[3] The Complaint is silent regarding the basis for Cabic's alleged disability.

5

son into foster care with the lesbian couple who were not her family members accrued by November 30, 2008 at the latest, so none of those claims are viable.  Similarly, any Fifth-Amendment claims arising out of or associated with Cabic's decision to plead no contest to child-abuse charges in December 2008 or January 2009 accrued, at the latest, by the end of January 2009, and are no longer viable because the statute of limitations has run.

Defendant Gallegos is immune from suit regarding Cabic's allegation that he lied to the state court regarding whether she was taking her medication. "The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings is well established in the common law. . . ." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010) (internal quotation marks and bracket omitted).  Cabic's allegations related to the State's employees' failure to provide her with domestic-abuse counseling are not sufficient to state a cognizable constitutional violation because she has no constitutional right to such counseling.  Her allegations regarding Gallegos' alleged lies regarding the vacation and his failure to reschedule a home visit similarly do not establish violation of a constitutional right.  Complaints brought under § 1983 must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery . . . ." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (internal quotation marks omitted)

Insofar as Cabic seeks declaratory or injunctive relief, the Court may not interfere with the custodial decisions of the state courts by granting visitation or custody rights where none have been awarded in the custodial proceedings; nor may it reverse any state-court decisions.  *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the *Younger* abstention doctrine are particularly vital in "child custody proceedings[, which] are an especially

delicate subject of state policy"); *Hennelly v. Flor de Maria Oliva*, No. 06-2265, 237 Fed. App'x 318, 320, 2007 WL 1464248, *1 (10th Cir. May 21, 2007) (noting that the *Rooker-Feldman* doctrine precludes federal courts from reviewing the final decisions of state tribunals in child-custody matters, and the *Younger* abstention doctrine prevents the federal district court from interfering in an ongoing state child-custody proceeding).  The place for Cabic to have raised her constitutional claims regarding her conviction for child abuse, the termination of her parental rights, and the placement of her son is in the state courts.  "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (internal quotation marks omitted). While the Court understands that Cabic experiences emotional pain from the loss of her son, her allegations do not support any cause of action to remedy that loss in federal court.

.       Because the Complaint seeks relief from immune Defendants and fails to state a viable or cognizable federal claim on which relief may be granted, permission to proceed IFP must be denied and the case must be dismissed under § 1915(e).

        **IT IS ORDERED** that Cabic's application to proceed IFP [Doc. 2] is DENIED and her Complaint is DISMISSED without prejudice under § 1915(e)(2)(B)(ii) & (iii).

        **SO ORDERED** this 26th day of April, 2012, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge